# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05mj205
# Violation Notice P-382541 & P-382542

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| DONALD DEAN FUNK. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, presiding at the July 5, 2005 session of United States District Court. The defendant was brought before the undersigned based upon his arrest that occurred on July 4, 2005 for the following charges and offenses:

| Charging Instrument | Charge | Classification Offense |
|---|---|---|
| Bill of Information Count One | Assault, resist, oppose and impede officer of the United States in violation of Title 18 U.S.C. § 111 | Class A Misdemeanor |
| Bill of Information Count One | Assault another person, that being an Indian in violation of Title 18 U.S.C. § 113(a)(5) | Class A Misdemeanor |
| Violation Notice P-382541 | Public Intoxication, Disorderly Conduct | Petty |
| Violation Notice P-382542 | Use of Fireworks or explosives | Petty |

The undersigned undertook to provide to the defendant a first appearance hearing in

accordance with Rule 58 of the Federal Rules of Criminal Procedure. During the proceeding, the court noticed that the defendant's clothes had been torn in part from his body. The defendant placed his head upon the table of defense counsel. Defendant was bleeding from his ear and at times did not understand the questions and statements that the undersigned made to the defendant concerning his Constitutional rights and the information that the court must provide the defendant, pursuant to Rule 58 of the Federal Rules of Criminal Procedure. In regard to the right to counsel the court requested the assistance of Robert Ferguson, United States Probation Officer, to help the defendant in completing a financial affidavit. Officer Ferguson reported to the court that the defendant was unable to provide answers to all the questions and that the defendant did not appear to fully and completely understand the questions that Officer Ferguson was making to the defendant. Officer Ferguson reported to the court that the defendant had blood coming from his ear; that the defendant was lethargic and that there was some information that the defendant may have regurgitated while in the holding cell.

The undersigned made inquiry of the defendant concerning his injuries. The defendant advised the court that he had suffered an injury to his shoulder. The court asked the defendant if he had suffered injuries to his head. Upon the prompting of the court, the defendant advised that he had been taken to the ground and that his head had hit the ground in what the defendant appeared to describe in a forceful manner.

The court questioned whether or not the defendant had received medical treatment. Tom Ascik, Assistant United States Attorney who is handling this case on behalf of the Government, advised the court that the defendant had been treated at Swain County Hospital during the early morning hours of July 5, 2005 and had been released. Based upon Mr. Ascik's statements the court

has no doubt that the treatment occurred, however, from previous experience this court has been given to understand that a lethargic mood or nature and the oozing of blood from the ear and the regurgitation of food are all indications of either a concussion or a closed head injury. It is the opinion of the undersigned that the defendant should be immediately taken to a hospital or such other appropriate facility for a complete examination and treatment for his injuries and that a report be made back to either the undersigned or the District Court or such Magistrate Judge who may be presiding as to the defendant's condition so that a determination can be made as to whether or not the initial appearance in this matter should be repeated to assure that the defendant understands all of his rights, including his Constitutional rights, and his rights as provided under Rule 58 of the Federal Rules of Criminal Procedure.

WHEREFORE, IT IS **ORDERED:**

1. That the United States Marshals immediately, forthwith, transport the defendant to an appropriate emergency treating facility and that the defendant therewith be examined and treated for any injuries that he has sustained, with particular note being made as to whether or not the defendant has sustained either a concussion or some other type of closed head injury that would affect the mental cognitive processes of the defendant and that a report be prepared of the examination.

2. That a copy of the report of the treatment be delivered, under seal, to either the undersigned or the District Court or a presiding United States Magistrate Judge for review as to whether or not further proceedings should be held in regard to the defendant being advised of his Constitutional rights and other rights as provided under Rule 58 of the Federal Rules of Criminal Procedure.

**Signed: July 5, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge